IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHJAI ALLEN-PONDER<br>2723 West Diamond Street, Apt A<br>Philadelphia, PA 19121<br>      Plaintiff,<br>   v. | :<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |
| POPEYES LOUISIANA KITCHEN<br>2440 Grant Avenue<br>Philadelphia, PA 19114<br>   and<br>GRANT CHICKEN, LLC<br>301 Route 17 North<br>Rutherford, NJ 07070<br>   and<br>POPEYES LOUISIANA KITCHEN, INC.<br>5505 Blue Lagoon Drive<br>Miami, FL 33126<br>   and<br>AFC ENTERPRISES, INC.<br>5555 Glenridge Connector<br>Atlanta, GA 30342<br>      Defendants, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>COMPLAINT |

## I. PRELIMINARY STATEMENT

1.  Plaintiff, RAHJAI ALLEN-PONDER (hereinafter "Plaintiff") brings this action under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*. ("PaHRA"); under Pennsylvania and Federal Common Law, for Hostile Work Environment, and for retaliation in exercising her rights under the aforementioned statutes for violation of her rights related to sex discrimination, pregnancy discrimination and retaliation.  Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous actions.

**III.     THE PARTIES**

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, POPEYES LOUISIANA KITCHEN, GRANT CHICKEN, LLC, POPEYES LOUISIANA KITCHEN, INC., and AFC ENTERPRISES, INC.  (hereinafter "Defendants") are a business, corporation or partnership that maintains a principal place of business at the above-captioned address and licensed and authorized to do business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendant acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendant's business and acting within the scope of their agency, servitude and/or employment on behalf of Defendant.

5. At all times material hereto, the conduct of Defendant as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania.

**II.     JURISDICTION AND VENUE**

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8. At all times material hereto, Defendants were "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9. At all times material hereto, Defendants employed more than fifty (50) employees.

10. At all times material hereto, Defendants were an "employer" as defined by Title VII.

11. At all times material hereto, Defendant was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*.

12. At all times material hereto, Defendants aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on Sexual Harassment and Pregnancy Discrimination, Retaliation and Pregnancy Discrimination under Title VII, violation of and violation of Pennsylvania Statutory Law under the PaHRA .

14. Plaintiff has complied with all jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on October 30, 2023 and was received by the Plaintiff at a time after November 30, 2023, (Attached collectively hereto as Exhibit "A")**.**

**III.   FACTUAL ASSERTION**

15. Plaintiff was hired and was employed by the Defendant as a Customer Service Representative in the drive-thru window from approximately May 4, 2021 through May 11, 2021.

16. Plaintiff is female.

17. Plaintiff brings her claims for discrimination based on Race, Sex, Retaliation and Pregnancy Discrimination.

18. At the time of hiring she pregnant.

19. Following her hire at the Popeyes location at 2240 Grant Avenue, Philadelphia, PA 19114, Ms. Allen-Ponder was placed in the drive-thru window, where she was told to work by her male co-workers and supervisor.

20. Plaintiff, who was pregnant at the time, had difficulty opening and closing the window.

21. Plaintiff advised her supervisor, Rahul, that she was having difficultly operating the window due to her pregnancy.

22. On May 11, 2021, another manager at the Popeyes told Ms. Allen-Ponder to clock out of work, and that she could not longer work at the Popeyes because of her pregnancy.

23. Ms. Ponder suffered such discrimination in the workplace by her supervisors and employers.

24. When she complained of such harassment or need for accommodation, this in turn resulted in retaliation that ultimately caused her to be terminated.

25. Plaintiff was subjected to harassment and discrimination only due to her pregnancy and sex.

26. When Plaintiff complained that she could not close the drive-thru window due to her pregnancy, she was subjected to threats of termination and subsequent termination.

27. Because of the severe and pervasive Sexual Harassment and Pregnancy Discrimination and hostile work environment, the Plaintiff was terminated.

28. Because her employer refused and failed to take the appropriate and proper steps to investigate and resolve the Sexual Harassment and Pregnancy Discrimination and hostile work environment, the Plaintiff was terminated.

29. At all times material hereto the Defendant acted and was responsible for the actions of their agents, assigns, servants and employees.

30. At all times material hereto the Defendant acted by and through the actions of their agents, assigns, servants and employees.

31. At all times material hereto the Defendant was responsible for the actions of their agents, assigns, servants and employees via *respondeat superior*.

## COUNT I
## RAHJAI ALLEN-PONDER V. DEFENDANTS
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## 42 U.S.C. 2000e *et seq*. and Retaliation

32. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

33. The conduct of Defendant's treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964 as the harassment, hostile work environment, retaliation and discrimination that Plaintiff was subjected to was unwelcome, unwarranted, and a clear violation of Title VII.

34. Plaintiff was subject to different and negative treatment including retaliation and termination because she refused said Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination.

35. At all times material hereto, the aforementioned harassment was unwelcome.

36. At all times material hereto, the aforementioned harassment was severe and pervasive.

37. As a result of the Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination, the Plaintiff was subjected to a hostile work environment.

38. The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

39. Plaintiff was subject to different and negative treatment including retaliation and termination because she reported said Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination, and as such was subject to retaliation.

40. At the time of resignation the Defendant by and through its employees, servants and agents was aware of the Sexual Harassment and Pregnancy Discrimination that the Plaintiff was subjected.

WHEREFORE, Plaintiff, RAHJAI ALLEN-PONDER seeks a determination that the Defendant violated Title VII of the Civil Rights Act of 1964 and request all damages and relief permitted under the Act including but not limited to:

(a) back pay and front pay;
(b) compensatory and punitive damages;
(c) equitable relief such as reinstatement of a rightful place;
(d) retroactive relief such as seniority and entitlement;
(e) injunctive relief included but not limited to barring future discriminatory conduct;
(f) attorney's fees, expert fees, costs and expenses;
(g) and such further relief as this court deems just and fair.

## COUNT II
## RAHJAI ALLEN-PONDER V. DEFENDANTS
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

41. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

42. Defendant discriminated against Plaintiff because she refused the Sexual Harassment and Pregnancy Discrimination and reported said Sexual Harassment and Pregnancy

Discrimination and Pregnancy Discrimination and pregnancy discrimination which is in violation of the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*.

43. Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendants allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation as set forth above.

44. At all times material hereto, the aforementioned harassment was unwelcome.

45. At all times material hereto, the aforementioned harassment was severe and pervasive.

46. At all times material hereto, the aforementioned harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

47. Plaintiff's resignation was causally related to her Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination and retaliation for reporting said harassment.

48. Defendants knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

49. Defendants failed to take prompt, remedial action to eliminate the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

50. The discrimination, harassment, hostile work environment, retaliation and termination to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

51. Defendants' reasons for disciplining and/or terminating Plaintiff were pretextual to obscure Defendants' discriminatory animus and purpose.

52. During the course and scope of Plaintiff's employment, she was subjected to ongoing antagonism and termination.

53. The conduct of Defendants' treatment of Plaintiff in his employment, termination and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon Sexual Harassment and Pregnancy Discrimination and Pregnancy Discrimination and retaliation.

54. At the time of termination the Defendant by and through its employees, servants and agents was aware of the Sexual Harassment and Pregnancy Discrimination that the Plaintiff was subjected to at the workplace.

WHEREFORE, Plaintiff, RAHJAI ALLEN-PONDER, seeks a determination that Defendant violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

**Respectfully submitted,**

BY:   /s/ *Marc A. Weinberg*
**MARC A. WEINBERG, ESQUIRE**
**815 Greenwood Avenue, Suite 22**
**Jenkintown, PA 19046**
**(215) 576-0100**
**mweinberg@saffwein.com**

**Dated: January 19, 2024**